ORIGINAL

*re: this paid*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 07 2013

at _____ o'clock and _____ min. ___ M.
SUE BEITIA, CLERK

J. STEPHEN STREET     1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:     (808) 754-1647
Facsimile No.:     (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

DANE ANDERSON      9349-0
Attorney At Law, LLLC
2029 Nuuanu Ave, Box #1501
Honolulu, Hawaii  96817
Telephone No.:     (808) 285-4760
E-mail:      dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR, | ) CIVIL NO. _____ CV13 00289 HGRLP |
| | ) (Copyright Infringement) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR COPYRIGHT |
| vs. | ) INFRINGEMENT AND DIGITAL |
| | ) MILLENNIUM COPYRIGHT ACT |
| | ) VIOLATIONS; EXHIBITS "A"-"C"; |
| SMART ENTERPRISE, INC., a Hawaii | ) SUMMONS |
| Corporation, dba SMART HAWAII | ) |
| TOUR, and dba WITHNET or | ) |
| WITHNET, INC.; MICHAEL S. HAN; | ) |
| JOHN DOES 1-10; JANE DOES 1-10; | ) |
| DOE CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; and DOE | ) |
| ASSOCIATIONS 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORIGINAL

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

### PARTIES

1.    Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2.    Upon information and belief, Defendant SMART ENTERPRISE, INC is a domestic profit corporation registered in the State of Hawaii with its principal place of business at 615 Piikoi Street, Suite 811, Honolulu, Hawaii 96814, and with its "Hawaii headquarters" located in Honolulu, Hawaii.

3.    Upon information and belief, Defendant MICHAEL S. HAN is a natural person residing in the State of Hawaii and is the sole owner of Defendant SMART ENTERPRISE, INC.

4.    Upon information and belief, Defendant SMART ENTERPRISE, INC. and Defendant MICHAEL S. HAN are doing business as SMART HAWAII TOUR and are doing business as WITHNET or WITHNET, INC.

5.    JOHN DOES 1-10, JANE DOES 1-10, DOE

CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE

ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that,

after investigation of the facts of this action, said Defendants' true names and

identities are presently unknown to Plaintiff, except, upon information and belief,

that they are connected in some manner with the named Defendants and/or were

the agents, servants, employees, employers, representatives, co-venturers,

associates, successors or assignees of the named Defendants who may be under a

duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by

the actions or omissions of the named Defendants and/or were in some manner

related to the named Defendants and that their "true names, identities, capacity,

activities and/or responsibilities" are presently unknown to Plaintiff or his

attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE

DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and

DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged

herein through inter alia, interview of Plaintiff and inspection of the records in this

matter.  When the true names and capacities are ascertained, through appropriate

discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendant SMART ENTERPRISE, INC's and Defendant MICHAEL S. HAN's (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

9.     Defendants are doing business in the State of Hawaii as SMART HAWAII TOUR through a commercial website at http://smarthawaiitour.com and manage and control their commercial website to promote, advertise, and conduct their business as a travel agency, which provides Hawaii-based products, services, and accommodations to clients who travel to the State of Hawaii.

10.     The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographs at issue are duly registered with the United States Copyright Office.

4

11.     The five photographic works, image nos.: "K-07-N Kalalau Valley wide;" "K-27 NaPali Coast;" "M-10 Haleakala Crater Wide;" "M-13 Lahaina at Dusk;" and, "B-19 Pololu Valley Wide" at issue in this case were created by photographer Plaintiff Vincent Khoury Tylor, who owns the copyrights to the works. The copyrights for the photographic works at issue were registered in the name of Plaintiff Vincent Khoury Tylor with the United States Copyright Office as <u>VA 1-696-555</u>, effective December 17, 2009, and supplemented by <u>VA 1-432-741</u>, and as <u>VA 1-696-552,</u> effective December 17, 2009, and supplemented by form <u>VA 1-432-820</u>, effective June 20, 2011.  Plaintiff has exclusive rights and privileges in the photographic works under the United States Copyright Act.  True and correct copies of the Certificate of Registration which relates to each photographic work at issue is attached hereto as Exhibit "A."

12.     None of the said photographic works was a "work for hire."

13.     Plaintiff incurred substantial time and expense in creating the photographic works at issue and invested substantial time and expense in marketing the licensing of said photographic works.

14.     In mid 2012, Plaintiff learned that Defendants were using the photographic works at issue, a total of seventeen (17) different times, and in June of 2013, Plaintiff learned that Defendants are still using all of the photographic

works at issue, a total of twelve (12) different times, including same and additional

uses, as follows:

Image "**K-07-N Kalalau Valley wide**":

Was used six (6) times at:

Page URLs:
http://smarthawaiitour.com/     (1 Use: Home Page, Thumb)
http://smarthawaiitour.com/tour/tour_view.php?no=5&PHPSESSID=22305a29514
    77d7472510e0e2c92736d#.UFv1o46yptc    (3 Uses: 1 Thumb, and 2
    Quarter-Page Images)
http://smarthawaiitour.com/tour/tour_view.php?no=5&PHPSESSID=22305a29514
    77d7472510e0e2c92736d#.UFv4_I6yptc    (2 Uses: 1 Thumb, and 1
    Quarter-Page Image)
Image URLs:
http://smarthawaiitour.com/data/tour/1280379122_1.jpg     (460 x 226 pixels)
http://www.hawaiiactive.com/img/act/131-0.jpg     (460 x 236 pixels)

Is currently being used two (2) times at:

Page URL:
http://smarthawaiitour.com/tour/tour_view.php?no=137&page=1&category1=2&c
    ategory2=5&PHPSESSID=9e52c976e5a048e58c5145997fac8266
    (2 Uses: 1 Thumb, and 1 Quarter-Page Image)
Image URL:
http://smarthawaiitour.com/data/tour/1286070781_2.jpg     (460 x 226 pixels)

Image "**K-27 NaPali Coast**":

Was used five (5) times at:

Page URLs:
http://smarthawaiitour.com/tour/tour_view.php?no=5&PHPSESSID=22305a29514
    77d7472510e0e2c92736d#.UFv1o46yptc     (2 Uses: 1 Thumb, and 1
    Quarter-Page Image)
http://smarthawaiitour.com/tour/tour_view.php?no=5&PHPSESSID=22305a29514
    77d7472510e0e2c92736d#.UFv4_I6yptc     (3 Uses: 1 Thumb, and 2
    Quarter-Page Images)

Image URLs:
http://smarthawaiitour.com/data/tour/1280379122_2.jpg      (460 x 226 pixels)
http://www.hawaiiactive.com/img/act/131-3.jpg      (460 x 236 pixels)

Is currently being used two (2) times at:

Page URL:
http://smarthawaiitour.com/tour/tour_view.php?no=137&page=1&category1=2&c
        ategory2=5&PHPSESSID=9e52c976e5a048e58c5145997fac8266
        (2 Uses: 1 Thumb, and 1 Quarter-Page Image)
Image URL:
http://smarthawaiitour.com/data/tour/1286070781_1.jpg      (460 x 226 pixels)


Image "**M-10 Haleakala Crater Wide**" was and is currently used two (2) times at:

Page URL:
http://smarthawaiitour.com/tour/tour_view.php?no=45#.UFv9nY6yptd   (1 Thumb,
        and 1 Quarter-Page Image)
Image URL:
http://smarthawaiitour.com/data/tour/1268621903_3.jpg   (460 x 214 pixels)


Image "**M-13 Lahaina at Dusk**":

Was and is currently used two (2) times at:

Page URL:
http://smarthawaiitour.com/tour/tour_view.php?no=45#.UFv9nY6yptd
        (1 Thumb, and 1 Quarter-Page Image)
Image URL:
http://smarthawaiitour.com/data/tour/1268621903_2.jpg   (460 x 218 pixels)

Is currently being used two (2) additional times at:

Page URLs:
http://smarthawaiitour.com/tour/tour_list.php?country=2&city=3  (1 Thumb)
http://smarthawaiitour.com/tour/tour_main.php  (1 Thumb)
Image URL:
http://smarthawaiitour.com/data/tour/1268621903_2.jpg   (460 x 218 pixels)

Image "**B-19 Pololu Valley Wide**" was and is currently used two (2) times at:

Page URL:
http://smarthawaiitour.com/tour/tour_view.php?no=120#.UFv-wI6yptd  (1 Thumb, and 1 Quarter-Page Image)
Image URL:
http://smarthawaiitour.com/data/tour/1280589928_4.jpg   (650 x 487 pixels)


Said photographic works were used and are currently being used without obtaining

licenses or consent from Plaintiff, thus violating the exclusive rights of the

copyright owner to reproduce, adapt, display, distribute, and/or create derivative

works under 17 U.S.C. § 100 et. seq.  True and correct copies of the photographic

works registered by Plaintiff and used without permission by Defendants on their

commercial website are attached hereto as Exhibit "B".  True and correct copies of

screenshots of Defendants' infringing use of the photographic works on

Defendants' commercial website are attached as Exhibit "C".

15.    Each of Plaintiff's copyrighted photographic works at issue,

where they are legitimately available, bear Plaintiff's copyright management

information in the form of a "Vincent K. Tylor" signature at the bottom, right

corner of each photographic work.

16.    Upon information and belief, Defendants intentionally removed

or altered Plaintiff's copyright management information from the photographic

works at issue for Defendants' uses of those photographic works without the

authority of Plaintiff or the law because Defendants' uses contained and continue to contain copies of the photographic works at issue in high resolution with the said copyright management information digitally cropped. Additionally, Defendants have associated and continue to associate their own false copyright management information, at the bottom of their commercial website, with the photographic works at issue. A true and correct copy of each of Plaintiff's photographic works containing the copyright management information is shown in Exhibit "B." A true and correct copy of each of Defendants' uses of the photographic works at issue with the copyright management information cropped and associated with false copyright management information is shown in Exhibit "C."

17.    Upon information and belief, Defendant MICHAEL S. HAN is vicariously liable for Defendants' infringing activity, removal of copyright management information associated with the photographic works at issue, and/or association of false copyright management information with the photographic works at issue because Defendant MICHAEL S. HAN, who is the sole owner of Defendant SMART ENTERPRISE, INC, enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal of copyright management information associated with the photographic

works and/or association of false copyright management information with the photographic works at issue on Defendants' commercial website.

18.     Plaintiff attempted to resolve these claims with Defendants for the ongoing use of the photographic works at issue in violation of Plaintiff's copyrights, requesting that Defendants pay a retroactive licensing fee for the photographic works used on Defendants' commercial website, that Defendants cease and desist from using any of Plaintiff's copyrighted photographic works, and that Defendants provide written assurances that the copyrighted photographic works at issue were removed from Defendants' commercial website.

19.     Plaintiff's counsel have not received any response to Plaintiff's written attempt to resolve these claims.

20.     Despite Plaintiff's counsel's letter to Defendants, dated September 21, 2012, which gave notice of the infringements, discussed the nature and duration of the copyrights for all the photographic works at issue, requested that Defendants cease and desist, and attempted to resolve these claims, Defendants continue to use all of the photographic works at issue in the same or similar manner on their commercial website, and have made additional uses as described, committing willful infringement of the photographic works at issue and intentionally and knowingly violating the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a) and (b).

21.   Plaintiffs and Defendants were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT

22.   Plaintiff restates and realleges each of the allegations contained in paragraphs 1-21 as if fully stated herein.

23.   Plaintiff has all rights, title, and interest in the copyrights to the photographic works as holder of the copyrights, the use of which has not been licensed to Defendants.

24.   Defendants have misappropriated Plaintiff's copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants, and Defendants made no attempt to obtain permission or license from anyone; Defendants thereby willfully engaged in unauthorized use and copying of Plaintiff's copyrights by using Plaintiff's photographic works and continue to willfully engage in unauthorized use of Plaintiff's photographic works despite their knowledge of Plaintiff as owner of the copyrights and their use being unlawful.  Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

25.   Defendants have shown that they intend to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing,

and causing irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy of law.

26. Defendants' unlawful use of copies of Plaintiff's original photographic works without license has diminished the value of the original photographic works by diluting the market and destroying the distinctiveness of the photographic works and their identity as being the exclusive property of Plaintiff.

27. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale by Plaintiff of his own photographic works.

28. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement because Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

29. Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

30.    Because Defendants used Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

31.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

32.    Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

33.    Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

34.    Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their past and/or continuing willful violations of Plaintiff's copyrights.

35.    Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

36.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-35 as if fully stated herein.

37.     Defendants have intentionally removed copyright management information from association with the photographic works used on Defendants' said commercial website, and, in addition, associated their own false copyright management information with the photographic works at issue, without the authority of Plaintiff or the law, and knowing, or having reasonable grounds to know, that the removal or false association would induce, enable, facilitate, or conceal infringement of copyright.

38.     Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a) and (b).

39.     Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202 because Defendants have shown that they intend to continue, unless restrained, to violate 17 U.S.C. §§ 1202(a) and (b) by continuing to use Plaintiff's copyrighted photographic works with Plaintiff's copyright management information removed and by continuing to associate Defendants' false copyright management

information with the photographic works at issue still used on their commercial website.

40.    Plaintiff is entitled to recover from Defendants the actual damages suffered by Plaintiff and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages.  Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

41.    Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their past and/or continuing violations of 17 U.S.C. § 1202.

42.    Plaintiff is further entitled to costs and reasonable attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.    That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.     That the Court order any original infringing photographs,
prints, separations, publications, copies, products, or materials bearing the image,
digital data in any form and/or likenesses impounded and/or destroyed or disposed
of in other reasonable fashion;

C.     That Defendants be required to pay such damages as Plaintiff
has sustained and any profits Defendants have gained in consequence of
Defendants' unlawful and wilfull acts or, in the alternative, to pay statutory
damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.     That Defendants be required to pay costs, including reasonable
attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);
and,

E.     That Plaintiff be granted such other and further relief as the
Court may deem just and proper.

DATED:  Honolulu, Hawaii, _____6 - 7 - 2013_____.


J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR

16