IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR, | ) | CIVIL NO. 13-00289 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT AGAINST DEFENDANTS |
| SMART ENTERPRISE, INC., A | ) | SMART ENTERPRISES, INC., A |
| HAWAII CORPORATION, DBA SMART | ) | HAWAII CORPORATION, DBA SMART |
| HAWAII TOUR, AND DBA WITHNET | ) | HAWAII TOUR, AND DBA WITHNET OR |
| OR WITHNET, INC.; MICHAEL S. | ) | WITHNET, INC. AND MICHAEL S. |
| HAN; JOHN DOES 1-10; JANE DOES | ) | HAN |
| 1-10; DOE CORPORATIONS 1-10; | ) | |
| DOE PARTNERSHIPS 1-10; AND DOE | ) | |
| ASSOCIATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SMART
ENTERPRISES, INC., A HAWAII CORPORATION, DBA SMART HAWAII TOUR,
AND DBA WITHNET OR WITHNET, INC. AND MICHAEL S. HAN[1]

Before the Court is Plaintiff Vincent Khoury Tylor's

Motion for Default Judgment Against Defendants Smart Enterprise,

Inc., a Hawaii Corporation, dba Smart Hawaii Tour, and dba

Withnet or Withnet, Inc. ("Smart Enterprise"), and Michael S. Han

("Han") (collectively "Defendants"), filed on October 28, 2013

("Motion").  ECF No. 12.  Defendants were served with a copy of

the Motion, but did not file an opposition or otherwise respond.

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

See ECF No. 12-5.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 13.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff owns the copyrights to the following five photographic works: K-07-N Kalalau Valley wide; K-27 NaPali Coast; M-10 Haleakala Crater Wide; M-13 Lahaina at Dusk; and B-19 Pololu Valley Wide.  The copyrights for these five photographic works were registered in Plaintiff's name with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741, and as VA 1-696-552, effective December 17, 2009, and supplemented by VA 1-432-820, effective June 20, 2011 (collectively, "Copyrighted Works").  See Ex. A to Compl.  Plaintiff licenses the Copyrighted Works for commercial and other uses.  Compl. ¶ 13.

In 2012, Plaintiff learned that Defendants were using the Copyrighted Works on their commercial website without Plaintiff's authority or permission.  Compl. ¶ 14.  Plaintiff's counsel sent a letter to Defendants regarding the infringement on September 21, 2012.  Compl. ¶ 20.  In June 2013, Plaintiff

2

learned that Defendants continued to use Plaintiff's Copyrighted Works on their commercial website.  Compl. ¶ 14.

Plaintiff filed his Complaint against Defendants on June 7, 2013, alleging claims for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") based on Defendants' use of the Copyrighted Works on their website and their alteration of Plaintiff's copyright management information on the Copyrighted Works.  Compl. ¶¶ 22-42; Exs. B and C to Compl.  Plaintiff alleges that Defendant Han, the sole owner of Defendant Smart Enterprise, is vicariously liable for Defendants' infringing activity.  Compl. ¶ 17.  The Clerk entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 8, 2013.  ECF No. 10-1.  The present Motion followed.

<u>ANALYSIS</u>

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily

3

disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1)  the possibility of prejudice to the plaintiff;
>
> (2)  the merits of plaintiff's substantive claim;
>
> (3)  the sufficiency of the complaint;
>
> (4)  the sum of money at stake in the action;
>
> (5)  the possibility of a dispute concerning material facts;
>
> (6)  whether the default was due to excusable neglect; and
>
> (7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."

4

Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and violations of the DMCA.  See 17 U.S.C. §§ 501, 1202; 28 U.S.C. §§ 1331, 1338(a).  Second, the Court has personal jurisdiction over Defendant Han because he was personally served with the Summons and Complaint on June 10, 2013.  ECF No. 6; Decl. of Counsel in support of Request for Entry of Default ¶ 4; Fed. R. Civ. P. 4(e)(2)(A).  The Court has personal jurisdiction over Defendant Smart Enterprise because it was served through its president and registered agent on June 10, 2013.  ECF No. 5; Decl. of Counsel in support of Request for Entry of Default ¶ 4; Fed. R. Civ. P. 4(h)(1)(B).  The Court finds that it has both subject matter and personal jurisdiction.

5

**B.   _Eitel_ Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the _Eitel_ factors outlined above.

### 1.   The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.   _See PepsiCo, Inc. v. Cal. Sec. Cans_, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).   Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.   Accordingly, the first _Eitel_ factor favors default judgment.

### 2.   Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.   _See TeleVideo Sys., Inc._, 826 F.2d at 917-18; _Fair Hous. of Marin_, 285 F.3d at 906.   Here, Plaintiff brought this action against Defendants for copyright infringement and for violations of the DMCA.

First, "[t]o establish infringement, two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."   _Feist Publ'ns, Inc. v. Rural Tel. Serv. Co._, 499 U.S. 340, 361 (1991) (citation omitted); _see also Rice v. Fox Broad. Co._, 330 F.3d 1170, 1174 (9th Cir. 2003).   Plaintiff alleges ownership of the

6

Copyrighted Works and attached copies of his Certificates of
Registration.  Compl. ¶ 11; Ex. A to Compl.  Plaintiff also
alleges that Defendants used the Copyrighted Works on their
website and attached copies his Copyrighted Works and screen
shots from Defendants' website showing Defendants' use of the
Copyrighted Works.  Compl. ¶ 14; Exs. B and C to Compl.

Second, to establish a violation of the DMCA, Plaintiff
must prove that Defendants intentionally removed or altered
Plaintiff's copyright management information from the Copyrighted
Works.  See 17 U.S.C. § 1202(b).  In addition to allege that
Defendants removed Plaintiff's copyright management information,
Plaintiff also attached copies his Copyrighted Works and screen
shots from Defendants' website.   See Compl. ¶¶ 15-16; Exs. B and
C to Compl.

Plaintiff's allegations and attached exhibits are
sufficient to establish that he is entitled to judgment against
Defendants for copyright infringement and for violations of the
DMCA.  Accordingly, this factor weighs in favor of default
judgment.

### 3.   Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Motion and the
Complaint.  The Court finds that the sufficiency of the Complaint
weighs in favor of default judgment.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177 (citing <u>Eitel</u>, 782 F.2d at 1472). Plaintiff seeks $85,000 in statutory damages, plus attorneys' fees and costs.  ECF No. 12-1 at 26-29.  Plaintiff's damages request is tailored to Defendants' specific wrongful conduct in infringing Plaintiff's Copyrighted Works.  The Court finds that this factor weighs in favor default judgment.

### 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18. Defendants have been given a fair amount of time to answer the Complaint and deny that they infringed Plaintiff's works; Defendants have not done so.  Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6.   Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect.  Plaintiff served Defendants with the Complaint on June 10, 2013.  ECF Nos. 5, 6.  Defendants did not file a response to Plaintiff's Complaint.  In addition, Plaintiff served Defendants with notice of this Motion on Ocotber

28, 2013.  ECF No. 12-5.  Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared in this matter to date.  The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.  Policy Favoring Decisions on the Merits

Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendants.

### 8.  Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendants.

## C. Remedies

Although Defendants' default establishes their liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled.  <u>See</u> <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  In its Motion, Plaintiff requests the following:  (1) statutory damages for willful copyright infringement; (2) statutory damages for violation of the DMCA; (3) injunctive relief; and (4) attorneys' fees and costs.  <u>See</u> ECF No. 12-1 at 14, 16-17, 21-29.  Each of Plaintiff's requested remedies is addressed below.

### 1.  Statutory Damages Under the Copyright Act

Plaintiff may elect to seek an award of statutory damages of no less than $750 and up to $30,000 per copyright infringement as an alternative to actual damages.  <u>See</u> 28 U.S.C. § 504(c)(1).  If Plaintiff is able to prove that the infringement was willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  <u>See</u> <u>id.</u> § 504(c)(2).  Courts have wide discretion in determining the amount of statutory damages within the allowable range.  <u>See</u> <u>Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.</u>, 259 F.3d 1186, 1194 (9th Cir. 2001).  The court should consider what is just based on the nature of the copyright, the circumstances of the infringement, and other relevant circumstances.  <u>L.A. News Serv. v. Reuters Television Int'l, Ltd.</u>, 149 F.3d 987, 996 (9th Cir. 1998).

Here, Plaintiff requests an enhanced damages award under Section 504(c)(2) asserting that Defendants' infringement was committed wilfully.  Compl. ¶¶ 20, 24.  An infringement is willful under the Copyright Act if the defendant had knowledge that his conduct was infringing, or the defendant acted with reckless disregard for the copyright holder's rights.  Sega Enterprises v. MAPHIA, 948 F.Supp. 923, 936 (N.D. Cal. 1996). The Court finds that Plaintiff has established that Defendants' infringement was willful based on the allegations that Defendants continued to use the Copyrighted Works on their website after Plaintiff notified Defendants of their infringement in September 2012.  See Compl. ¶¶ 14-20.

Plaintiff requests $60,000 in statutory damages under the Copyright Act.  ECF No. 12-1 at 26.  This is approximately three times the amount that Plaintiff would have received had Defendants obtained a license to use the Copyrighted Works. Decl. of Pl. ¶¶ 11-12.  Given Defendants' willful conduct and the licensing fee information provided by Plaintiff, the Court finds that Plaintiff's request for $60,000 in statutory damages is appropriate.  The Court RECOMMENDS that Plaintiff be awarded $60,000 in statutory damages under the Copyright Act.

### 2. Statutory Damages under the DMCA

The DMCA provides that Plaintiff may elect to seek statutory damages for each violation in the sum of not less than $2,500 or more than $25,000.  See 17 U.S.C. § 1203(c).  Here,

11

Plaintiff has established that Defendants used the Copyrighted Works and removed or altered the copyright management information which appears on each image.  See Exs. B and C to Compl.  Given the numerous violations of the DMCA, the Court finds that Plaintiff's request for $25,000 in statutory damages is reasonable under the circumstances.  The Court RECOMMENDS that Plaintiff be awarded $25,000 in statutory damages under the DMCA.

### 3.  Injunctive Relief

Although Plaintiff demands injunctive relief in his Complaint, Plaintiff's Motion only briefly mentions injunctive relief and makes no argument in support of the request.  See ECF No. 12-1 at 14, 16-17.  Assuming that Plaintiff requests injunctive relief in the present Motion, the Court finds that Plaintiff has failed to establish the necessary elements.  A plaintiff seeking a permanent injunction in a copyright infringement action must establish:

> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006);

Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d

989, 996 (9th Cir. 2011).  Here, Plaintiff has failed to demonstrate that monetary damages are inadequate given that Defendants have removed the Copyrighted Works from their website. Plaintiff's declaration states that Defendants removed the Copyrighted Works from their website in June 2013.  Decl. of Pl. ¶ 10.  Based on Plaintiff's own statement, there is no indication that a permanent injunction is necessary to prevent continuing infringement or further harm.  Accordingly, the Court RECOMMENDS that Plaintiff's request for injunctive relief against Defendants be DENIED.

### 4. Attorneys' Fees and Costs

The Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Courts consider five non-exclusive factors in determining whether to award fees:  (1) the degree of success obtained; (2) the frivolousness of the claim; (3) plaintiff's motivation in bringing its claim; (4) the objective reasonableness of defendant's arguments; and (5) the need to advance considerations of compensation and deterrence.  Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994).  Here, these factors support an award of fees and costs.  Plaintiff has achieved success on his claims; his claims were not frivolous; Defendants' failure to defend this action was unreasonable; and an award of fees and costs would further the Copyright Act's goals of

compensation and deterrence.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).  Here, Plaintiff requests $12,054.72 in attorneys' fees and taxes incurred in this action.  ECF No. 12-1 at 28.

First, the Court finds that the hours requested are reasonable.  The request includes 12.9 hours for work performed by J. Stephen Street, Esq. and 36.9 hours for work performed by Dane Anderson, Esq.  See Street Decl. ¶ 4; Anderson Decl. ¶ 4. After careful review of the detailed time entries provided by counsel, the Court finds that the hours requested are reasonable.

Second, regarding a reasonably hourly rate, Plaintiff's counsel does not provide any information regarding the attorneys' education or experience, but instead asserts that the rate charged are "at or below rates customarily charged in the community for similar work by attorneys of similar, experience,

14

ability, and standing in the Honolulu legal community." Street
Decl. ¶ 5; Anderson Decl. ¶ 5. Mr. Street was admitted to the
Hawaii bar in 1975 and requests a rate of $325 per hour. Based
on the Court's knowledge of the prevailing rates in the community
for similar services performed by attorneys of comparable
experience, skill, and reputation, the Court finds that the
hourly rate requested by Plaintiff for Mr. Street is reasonable.
Mr. Anderson was admitted to the Hawaii bar in 2010 and requests
a rate of $200 per hour. Based on the Court's knowledge of the
prevailing rates in the community, the Court finds that the
hourly rate requested by Plaintiff for Mr. Anderson is excessive.
 The Court reduces the requested hourly rate and concludes that
an hourly rate of $150 is reasonable. See, e.g., Shea v. Kahuku
Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150,
at *7 (D. Haw. Mar. 31, 2011) (finding that $125 per hour is
reasonable for an attorney with three years experience). The
Court finds that the following rates and hours are reasonable:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| J. Stephen Street, Esq. | 12.9 | $325.00 | $4,192.50 |
| Dane Anderson, Esq. | 36.9 | $150.00 | $5,535.00 |
| *Hawaii General Excise Tax* | | *4.712%* | *$458.36* |
| **TOTAL** | | | **$10,185.86** |

        Finally, the Court finds that Plaintiff is also
entitled to an award for $548.18 in costs reasonably incurred in
this action. See Street Decl. ¶ 4.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendants jointly and severally;

(2) Plaintiff be awarded $60,000 in statutory damages under the Copyright Act.

(2) Plaintiff be awarded $25,000 in statutory damages under the Digital Millennium Copyright Act.

(3) Plaintiff's request for injunctive relief be DENIED.

(4) Plaintiff be awarded $10,734.04 in attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 5, 2013.

Richard L. Puglisi
United States Magistrate Judge

**TYLOR V. SMART ENTERPRISE, INC., ET AL., CIVIL NO. 13-00289 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**